UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY WOLONGEVICZ,

                              Plaintiff,            5:17-cv-00933 (BKS/DEP)

v.

TOWN OF MANLIUS; MANLIUS POLICE
DEPARTMENT; VILLAGE OF MANLIUS; MANLIUS
FIRE DEPARTMENT; CAPTAIN KEVIN SCHAFER;
CHIEF PINSKY; CHIEF OF POLICE FRANCIS
MARLOW; INVESTIGATOR JAMES GALLUP;
OFFICER ROSS CARNIE; CAPTAIN JEFF PECKINS;
SGT. CHRISTOPHER CUSHMAN; BENJAMIN
SCHMID; JOHN DOE(S) and JANE DOE(S),

                              Defendants.
_____

**Appearances:**

A.J. Bosman
Bosman Law Firm, LLC
201 West Court Street
Rome, NY 13440
*For Plaintiff Kerry Wolongevicz*

David H. Walsh, IV
Barth Sullivan Behr
224 Harrison Street, Suite 208
Syracuse, NY 13202
*For Defendant Village of Manlius*

Jacqueline Phipps Polito
Abigail L. Giarrusso
Hinna M. Upal
Littler Mendelson, P.C.
375 Woodcliff Drive, 2nd Floor
Fairport, NY 14450
*For Defendants Manlius Fire Department, Chief Pinsky, and Benjamin Schmid*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Kerry Wolongevicz, a former police officer for the Manlius Police Department ("MPD"), brings this employment discrimination and retaliation action against Defendant Village of Manlius (the "Village") and Defendants Manlius Fire Department (the "Fire Department"), Chief Pinsky, and Benjamin Schmid (collectively "Fire Department Defendants"), among others. (Dkt. No. 35). Plaintiff alleges that Defendants subjected her to: a hostile work environment, disparate treatment, discrimination, and retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296–301 (First, Second, and Third Causes of Action); a hostile work environment and disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment (Fourth and Fifth Causes of Action); and retaliation in violation of the First Amendment (Sixth Cause of Action). (Dkt. No. 35). Plaintiff also brings an intentional infliction of emotional distress ("IIED") claim (Eighth Cause of Action) against Defendant Pinsky. (*Id.*).[1] In a Memorandum-Decision and Order entered on August 8, 2018, the Court, among other things: (i) dismissed the NYSHRL and Fourteenth Amendment equal protection claims as to the Fire Department Defendants as insufficient; (ii) dismissed the Manlius Fire Department and the Village of Manlius as defendants in this action; (iii) allowed the IIED claim to proceed against certain of the defendants; and (iv) found that Plaintiff failed to show that she properly served Defendant Pinsky. (Dkt. No. 30, at 44–45). The Court, however, granted Plaintiff leave to replead and extended the service deadline as to

---

[1] Plaintiff also brings defamation, tortious interference, and prima facie tort claims under New York law (Seventh, Ninth, and Tenth Causes of Action), as well as discrimination, hostile work environment, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17 ("Title VII") (Eleventh, Twelfth, and Thirteenth Causes of Action). (Dkt. No. 35). These claims, however, are not at issue in the present motions.

Defendant Pinsky. (*Id.* at 43–44). On August 31, 2018, Plaintiff filed a Second Amended Complaint ("SAC") and an affidavit of service. (Dkt. Nos. 35, 36). Presently before the Court are Defendants' second round of motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. Nos. 39, 42). Plaintiff opposes these motions. (Dkt. No. 46). For the reasons that follow, Defendants' motions are granted in part and denied in part.[2]

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c), "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) ("In deciding a Rule 12(c) motion, 'we employ[] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (alteration in original))). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] The Court assumes familiarity with the factual allegations in this case as recited in its prior decision. (*See* Dkt. No. 30, at 4–12). To the extent the SAC contains additional relevant factual allegations, they are addressed along with the parties' legal arguments.

3

## III. DISCUSSION

### A. Res Judicata and Collateral Estoppel

The Village argues that, because the Court previously dismissed the claims advanced in the SAC and the SAC adds no new factual allegations, the claims are barred by res judicata or collateral estoppel. (Dkt. No. 39-1, at 7–10). In this case, however, the Court *granted* Plaintiff leave to amend her claims against the Village. (Dkt. No. 30, at 43–44); *cf. N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) ("Where the plaintiff is seeking to add additional claims against the same defendant and *leave to amend is denied*, claim preclusion is appropriate."). Moreover, as discussed below, the SAC contains new factual allegations that are relevant to the Village's liability. Its preclusion argument is therefore without merit.

### B. NYSHRL and Fourteenth Amendment Claims

#### 1. Defendants Pinsky and Schmid

##### a. Liability as Nonemployers (NYSHRL)

Defendants Pinsky and Schmid move to dismiss the NYSHRL discrimination, hostile work environment, and retaliation claims on the ground that Plaintiff was employed by the MPD and Town of Manlius, (*see* Dkt. No. 35, ¶¶ 4, 6), and that, because they were part of the Fire Department,[3] "they were not Plaintiff's employers and therefore could not 'aid' or 'abet' any alleged discrimination as a matter of law," (Dkt. No. 42-4, at 12). Section 296(6) of the NYSHRL states that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article [including discrimination and retaliation], or to attempt to do so." N.Y. Exec. Law § 296(6). The Court of Appeals of New York has stated that § 296(6) "extends liability to persons and entities beyond . . . employers, and this provision should be construed broadly." *Griffin v. Sirva, Inc.*, 29 N.Y.3d

---

[3] According to the SAC, the Fire Department is associated with the Village. (Dkt. No. 35, ¶ 5).

4

174, 187 (2017); *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140, 151 n.6 (2d Cir. 2014) ("Under New York law, a hostile work environment may give rise to statutory claims against employers and, in some circumstances, against non-employer individuals."). Thus, an individual who "'actually participates in the conduct giving rise to a discrimination claim' [may] be held liable under the NYSHRL" even if a nonemployer. *Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) (quoting *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)). Accordingly, Defendants' status as nonemployers is not a basis for dismissal.

     **b.**  **Sufficiency of Discrimination, Hostile Work Environment and Retaliation Claims (NYSHRL and Fourteenth Amendment)**

Defendants Pinsky and Schmid move to dismiss the NYSHRL and Fourteenth Amendment equal protection employment discrimination claims on the basis that the SAC fails to allege they acted with discriminatory or retaliatory animus. (Dkt. No. 42-4, at 11). The NYSHRL provides that it is "an unlawful discriminatory practice for any person . . . to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article." N.Y. Exec. Law. § 296(7). "[A]n individual defendant may be held liable under the aiding and abetting provision of the NYSHRL if he actually participates in the conduct . . . ." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n.10 (2d Cir. 2011) (internal quotation marks). "[T]o qualify as an 'aider and abettor' under the statute, the individual must 'share the intent or purpose of the principal actor' and his participation must be 'direct [and] purposeful[.]'" *Edwards v. Khalil*, No. 12-cv-8442, 2016 WL 1312149, at *29, 2016 U.S. Dist. LEXIS 44407, at *99 (S.D.N.Y. Mar. 31, 2016) (quoting *Hassan v. City of Ithaca*, No. 10-cv-06125, 2012 WL 1190649, at *6, 2012 U.S. Dist. LEXIS 50397, at *19 (W.D.N.Y. Apr. 9, 2012)).

5

The Court previously found that Plaintiff failed to allege that Defendants Pinsky or Schmid acted with discriminatory animus or that she engaged in the protected activity necessary to advance a retaliation claim, and therefore dismissed Plaintiff's NYSHRL and Fourteenth Amendment equal protection hostile work environment, discrimination, and retaliation claims. (Dkt. No. 30, at 17–24). In an attempt to cure this deficiency, Plaintiff added to the SAC allegations that:

> Schmid was aware of the hostile work environment and discriminatory and retaliatory conduct of Plaintiff's co-workers because Plaintiff told him about such incidents while she was in a relationship with him. After the relationship and previous to the Order of Protection, Benjamin Schmid had threatened to, and, upon information and belief, did make complaints to Plaintiff's employer knowing that such complaints would subject her to further retaliation and discrimination by her employer. Schmid also made such complaints, on information and belief, in an attempt to harm Plaintiff. . . . On information and belief, Schmid was a close ally of Pinsky and Pinsky contacted Plaintiff's employer at Schmid's urging and he was told that Plaintiff had resigned.

(Dkt. No. 35, ¶ 31). These allegations, however, fail to allow a plausible inference that Defendants Pinsky or Schmid acted with discriminatory or retaliatory intent. Even assuming that Defendant Schmid, a firefighter, knew that the MPD was discriminating against Plaintiff based on her gender and retaliating against her, the SAC fails to allege any facts suggesting that Defendant Schmid or Defendant Pinsky—who allegedly participated "at Schmid's urging"—also acted with gender-based discriminatory or retaliatory animus. Accordingly, the facts alleged in the SAC fail to state a plausible aiding and abetting claim under the NYSHRL. *See Edwards*, 2016 WL 1312149, at *29–30, 2016 U.S. Dist. LEXIS 44407, at *99–100 (concluding that the defendants could not "be considered 'aiders and abettors' of any retaliatory action under the NYHRL because the record does not support an inference that these individuals acted with

retaliatory intent against Plaintiff" (quoting *Hassan*, 2012 WL 1190649, at *6, 2016 U.S. Dist. LEXIS 44407, at *74–75)); *see also Long v. Marubeni Am. Corp.*, No. 05-cv-0639, 2006 WL 547555, at *4, 2006 U.S. Dist. LEXIS 8932, at *16 (S.D.N.Y. Mar. 6, 2006) ("Van Dorn can be liable for aiding and abetting the retaliatory commission of adverse employment actions even if he himself lacked the authority to take such an action against plaintiffs, if, acting with the retaliatory animus required for liability, he intentionally aided another who did have such authority to engage in illegal conduct."). Accordingly, the NYSHRL claims against Pinsky and Schmid are dismissed.

Plaintiff's Fourteenth Amendment equal protection claims fail for the same reason as her NYSHRL claims; Plaintiff has failed to plausibly allege that either Defendant acted with discriminatory animus. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86–88 (2d Cir. 2015) (to state a Fourteenth Amendment equal protection claim, a plaintiff must "plausibly allege facts that provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent'") (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). Accordingly, the Fourteenth Amendment claims against Defendants Pinsky and Schmid are dismissed.

### 2. Village and Fire Department Defendants

As explained in the Court's prior decision, in the absence of viable NYSHRL or Fourteenth Amendment equal protection claims against Defendants Pinsky or Schmid, the claims against the Village and Fire Department likewise fail. (*See* Dkt. No. 30, at 22– 24 ("Even if the doctrine of *respondeat superior* were available in [the] context [of a NYSHRL claim], Plaintiff fails to allege a plausible NYSHRL claim against [the Village or Fire Department]; therefore the doctrine would not save her claims."); *see also Matican v. City of New York*, 524 F.3d 151, 154 (2d Cir. 2008) (explaining that, if there is no constitutional violation by a governmental actor, a

7

city cannot be liable "regardless of whether the officers acted pursuant to a municipal policy or custom"). Accordingly, Defendants' motions to dismiss the NYSHRL and Fourteenth Amendment claims are granted.

### C. First Amendment Retaliation

#### 1. State Action – Fire Department

The Fire Department moves to dismiss the First Amendment retaliation claim on the ground that, as "a pure volunteer organization," it is not a state actor for purposes of § 1983 liability. (Dkt. No. 42-4, at 15). As the Supreme Court has explained, § 1983 "imposes liability upon 'every person' who, under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws"; "*Monell* held that these words were intended to encompass municipal corporations." *Owen v. City of Indep., Mo.*, 445 U.S. 622, 635 (1980) (quoting 42 U.S.C. § 1983). According to the SAC, "Defendant, Village of Manlius Fire Department is a municipal corporation organized and existing under the laws of the State of New York." (Dkt. No. 35, ¶ 5).

The Fire Department asserts in its memorandum of law that it is a "pure volunteer organization" and has submitted as an exhibit its by-laws in support of its contention that it is not a state actor. (Dkt. No. 42-4, at 15, Dkt. No. 48-2). Defendant Pinsky has also submitted a declaration stating that he and Defendant Schmid are volunteers and that the Fire Department is not a municipal corporation. (Dkt. No. 48-1). Even if the Court were to credit the Fire Department's assertions,[4] it would not necessarily end the inquiry. *See, e.g.*, *Janusaitis v.*

---

[4] The factual assertions in the memorandum of law and declaration and the exhibit containing the by-laws are matters outside the pleadings. The Court declines to convert the Fire Department Defendants' motion to dismiss to one for summary judgment and therefore has not considered them in connection with the motion to dismiss. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

8

*Middlebury Volunteer Fire Dep't*, 607 F.2d 17, 22 (2d Cir. 1979) (considering "whether fire protection is a function so traditionally associated with sovereignty that its performance, even by an otherwise 'private' entity, constitutes state action"); *Fabrikant v. French*, 691 F.3d 193, 207 ("In analyzing whether a private entity acts under color of law for purposes of 1983, we begin 'by identifying the specific conduct of which the plaintiff complains,' rather than the general characteristics of the entity."). Accordingly, the Fire Department's motion to dismiss on the ground that it is not a state actor is, at this preliminary stage of the case, denied.

### 2. Color of State Law – Defendants Pinsky and Schmid

Defendants Pinsky and Schmid, who Plaintiff alleges retaliated against her for obtaining an order of protection against Defendant Schmid, argue that the SAC fails to allege they were acting under color of state law. (Dkt. No. 42-2, at 13–15). "To make a successful section 1983 claim, a plaintiff must show that the defendant not only violated a constitutional right, but acted 'under the color of state law.'" *Montero v. City of Yonkers*, 890 F.3d 386, 401 (2d Cir. 2018) (*Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011)). "A defendant can only be said to do so if his or her actions were made as a state actor, or where the person acts 'in his official capacity or while exercising his responsibilities pursuant to state law.'" *Id.* at 401–02 (quoting *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 230 (2d Cir. 2004)). "Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996).

Here, the SAC alleges that Defendant Pinsky is Chief of the "Village of Manlius Fire Department" and that, in making the allegedly threatening phone call to Plaintiff, he "identified himself . . . as Manlius Fire Chief Pinsky" and told her that, if she did not drop the order of protection, "he would have **his** firefighters report on her." (Dkt. No. 35, ¶¶ 5, 7, 34). As these allegations allow a plausible inference that Defendant Pinsky invoked the authority of his

position when allegedly threatening Plaintiff, they are sufficient at the pleading stage. *See, e.g.*, *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) ("[L]iability may be found where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department."). Further, drawing all reasonable inferences in Plaintiff's favor, the SAC can be read to allege that, when Defendant Schmid, a "volunteer firefighter,"[5] went to the MPD and "accused [Plaintiff] of threatening firefighters from Manlius back in December, 2015," he was acting on behalf of the Fire Department. (Dkt. No. 35, ¶ 31). The Court concludes that the SAC sufficiently alleges that Defendants Pinsky and Schmid acted under color of state law.[6]

### 3. *Monell* – Village and Fire Department

The Fire Department argues that the SAC fails to state a plausible First Amendment retaliation claim under *Monell*.[7] (Dkt. No. 42-4, at 14). In its prior decision, the Court found Plaintiff had alleged a viable First Amendment retaliation claim against Defendants Pinsky and Schmid, but the *Monell* claim against the Village[8] and Fire Department failed because she had not alleged Defendant Pinsky was an official policymaker:

> Even assuming that the conclusory allegations in the [proposed second amended complaint] sufficiently allege that Pinsky was an

---

[5] To the extent Defendants Pinsky and Schmid argue that the Fire Department is not a municipal entity, their argument fails for the reasons discussed *supra* Section III.C.1, as the allegations in the SAC, which the Court accepts as true for the purposes of the present motions, are sufficient.

[6] Defendants Pinsky and Schmid argue that the SAC fails to allege a "nexus between the Fire Department actions and [Plaintiff's] employment ending." (Dkt. No. 42-4, at 15). The Court, however, previously addressed the sufficiency of Plaintiff's First Amendment retaliation claim and declines to revisit that issue. (*See* Dkt. No. 30, at 25 ("[T]he allegations that Defendant Schmid made his accusations against Plaintiff to the MPD within days of the order of protection and Defendant Pinsky tied his threats to the order of protection allow a plausible inference of a causal connection between the protected activity and the adverse action.")). Further, Defendants Pinsky and Schmid have not addressed whether making and causing false reports to the New York State Police could constitute adverse actions for purposes of alleging a First Amendment retaliation claim.

[7] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

[8] In its reply, the Village argues that it is entitled to dismissal of this claim because Defendant Pinsky, the "alleged policymaking person," did not represent the Village "which is a distinct legal entity from . . . the Manlius Fire Department." (Dkt. No. 47, at 5). According to the SAC, however, Defendant Pinsky is chief of the "*Village* of Manlius Fire Department." (Dkt. No. 35, ¶ 5). While Defendant Pinsky's relationship to the Village may require further factual development, the allegations in the SAC are sufficient to connect Defendant Pinsky to the Village.

> official policymaker for the Manlius Fire Department and the Village of Manlius, the [proposed second amended complaint] fails to plausibly allege that the challenged actions were within his policymaking authority. "[A] finding of general policymaking power on the part of [a public official] is not sufficient for municipal liability to attach." *Roe v. City of Waterbury*, 542 F.3d 31, 38 (2d Cir. 2008). "[T]he challenged actions must be within that official's area of policymaking authority." *Id.* at 37.

(Dkt. No. 30, at 26).

Plaintiff alleges that Defendant Pinsky told Plaintiff "that he could make the internal affairs investigation and or complaints against her 'all go away'" if she dropped the order of protection against Schmid, and that, if she did not drop the order of protection, "he would have his firefighters report on her." (Dkt. No. 23-4, at ¶ 34; Dkt. No. 35, at ¶ 34). Pinsky allegedly did just that; he allegedly encouraged and/or directed firefighters to report that she had been acting in a threatening manner in December 2015 at the Manlius fire station. (Dkt. No. 23-4, at ¶ 37; Dkt. No. 35, at ¶ 37). In an attempt to correct the omission identified by the Court, the SAC adds that, Pinsky in the phone call identified himself "in his official capacity" as Manlius Fire Chief, and that "[a]s a Chief of the Manlius Fire Department, Pinsky was speaking as a policy-making official who had the authority and means to control and instruct other members of the fire department in their conduct and actions." (Dkt. No. 35, ¶ 34). Plaintiff's allegation that Defendant Pinsky was "a policy-making official who had the authority and means to control and instruct" firefighters is wholly conclusory. Drawing all inferences in Plaintiff's favor, however, the Court finds that Plaintiff has plausibly alleged that Defendant Pinsky was a policymaker with respect to the direction of "his" firefighters, and that the allegations that he instructed them to report that Plaintiff had harassed firefighters at the Manlius fire station, in retaliation for her First Amendment activity, are sufficient to permit the *Monell* claim to proceed at this preliminary stage of the case. It will be Plaintiff's burden to establish that Pinsky was acting within and

11

pursuant to the policy and powers granted to him. *See, e.g.*, *Roe v. City of Waterbury*, 542 F.3d 31, 37-39 (2d Cir. 2008); *Jeffes v. Barnes*, 208 F.3d 49, 57-58 (2d Cir. 2000). Accordingly, the *Monell* claim (Sixth Cause of Action) may proceed.

### D. IIED – Defendant Pinsky

Defendant Pinsky moves to dismiss the IIED claim (Eighth Cause of Action) on the ground that "[s]ervice against Pinsky in his personal capacity was improperly effectuated and the one year statute of limitations for a claim of IIED has long since already expired." (Dkt. No. 42-4, at 16). As discussed below, however, the Court extended the time for service and Plaintiff has filed proof of proper service. In addition, as Plaintiff correctly notes, the original complaint was filed "within the one year statute of limitations" and "[a]ny amendment to the Complaint relates back to the original date of filing." (Dkt. No. 46-1, at 9); *see* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."). Accordingly, Defendant Pinsky's motion to dismiss the IIED claim is denied.

## IV. MOTION TO DISMISS – Fed. R. Civ. P. 4[9]

Defendant Pinsky seeks dismissal under Rule 4(m)[10] on the ground that Plaintiff failed to serve him during the requisite time period. (Dkt. No. 42-4, at 10). In its prior decision, the Court found that Plaintiff failed to show she served Defendant Pinsky in accordance with Fed. R. Civ.

---

[9] Pinsky has submitted a declaration in support of this motion. (Dkt. No. 42-3).

[10] Rule 4(m) provides, in relevant part:
> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

P. 4. (Dkt. No. 30, at 12–16). The Court extended the time for service and Court directed Plaintiff to "effectuate service on Defendant Pinsky and file a certificate of service" within 14 days. (*Id.* at 44). The Court further directed the Clerk of the Court to dismiss "Defendant Pinsky from this action without further order" in the event Plaintiff failed to comply with the service deadline. (*Id.*). The Court issued the order on August 3, 2018, (Dkt. No. 29); thus, Plaintiff was required to complete service by Friday, August 17, 2018. On Monday, August 20, 2018, Plaintiff filed a letter advising that she had "attempted serving Mr. Pinsky, but his law office was closed"; Plaintiff requested that "counsel provide the last known home address for Mr. Pinsky" and sought "an additional ten days to complete service." (Dkt. No. 31). Defendant Pinsky opposed any extension as untimely and because Plaintiff "fail[ed] to set forth any basis why Plaintiff failed to comply with this Court's Order." (Dkt. No. 32). Upon reviewing Plaintiff's request and Defendant Pinsky's opposition, the Court issued a Text Order granting Plaintiff's request and extending the service deadline to August 31, 2018. (Dkt. No. 34); *see Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (holding that district courts "have discretion to grant extensions [of the time for service] even in the absence of good cause"). On August 31, 2018, Plaintiff filed a certificate of service. (Dkt. No. 36).

Defendant Pinsky argues that Plaintiff's August 20, 2018 request for a second extension of the service deadline was an "improper" motion for reconsideration because it "did not meet the stringent requirements for reconsideration" and "Plaintiff's counsel's 'reasons' are insufficient to explain why she would wait over a year to effectuate proper service." (Dkt. No. 42-4, at 10). Whether Plaintiff's request was a motion for reconsideration is irrelevant as the Court has already granted that request. (Dkt. No. 34). In addition, the extension was minimal, Plaintiff has filed an affidavit of service, (Dkt. No. 36), and Defendant Pinsky does not contend

13

service was improper. The Court therefore declines to revisit[11] its decision extending the time for service to August 31, 2018. Accordingly, Defendant Pinsky's motion to dismiss on the basis of untimely service is denied.

## V. AMENDMENT OF DISMISSED CLAIMS

Plaintiff has not sought leave to further amend the SAC. Even if she had, "an amendment is not warranted [a]bsent some indication as to what [a plaintiff] might add to [her] complaint in order to make it viable." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (first alteration in original) (internal quotation marks omitted). Despite having had three attempts at pleading, (Dkt. Nos. 1, 4, 23-4, 35), Plaintiff fails to state a plausible claim for relief against the Village, Fire Department, and Defendants Pinsky and Schmid under the NYSHRL and Fourteenth Amendment. Further, Plaintiff has not indicated that there are additional factual allegations that would allow her to state a plausible claim for relief. Accordingly, amendment is not warranted, and dismissal of these claims is with prejudice.

## VI. CONCLUSION

For these reasons, it is

**ORDERED** that the Village's and the Fire Department Defendants' motions to dismiss (Dkt. No. 39; Dkt. No. 42) are **GRANTED** as to the NYSHRL and Fourteenth Amendment claims (First, Second, Third, Fourth, and Fifth Causes of Action); and it is further

---

[11] To the extent Defendant Pinsky's motion constitutes a motion for reconsideration of the Court's August 22, 2018 Text Order, (Dkt. No. 34), it fails to identify a change in law, new evidence, or a clear error or manifest injustice. *See Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007) (explaining that, in general, a motion for reconsideration may only be granted upon one of three grounds: "(1) an intervening change in law, (2) the availability of evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice"; *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (same) (citing 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

**ORDERED** that the First, Second, Third, Fourth, and Fifth Causes of Action against the Village, the Manlius Fire Department, Pinsky, and Schmid are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Village's and the Fire Department Defendants' motions to dismiss (Dkt. No. 39; Dkt. No. 42) are otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: January 3, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge